IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALEJANDRO MEDINA SEVILLA,** | |
| Plaintiff, | |
| v. | Case No.: |
| **KAL, INC.; THE PURPLE ONION, INC.; THE PURPLE ONION AND BAR AND GRILL, LLC; THE PURPLE ONION LLC, ADNAN ABU SHARIF; and KHALED A. KHALIDI,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

For his Complaint against defendants Kal, Inc., The Purple Onion, Inc., The Purple Onion and Bar and Grill, LLC, The Purple Onion, LLC (collectively with previously mentioned defendants, "Purple Onion"), Adnan Abu Sharif, and Khaled A. Khalidi for violations of the Fair Labor Standards Acts of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), Plaintiff states and alleges as follows:

### JURISDICTION & VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to adjudicate this civil action because the claims brought by Plaintiff arise under the

laws of the United States, specifically the FLSA.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391 because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. The plaintiff, Alejandro Medina Sevilla ("Plaintiff" or "Mr. Medina"), is over the age of nineteen (19) and a resident of Jefferson County, Alabama. He has worked as a line cook for defendants at their Pelham, Alabama restaurant from the year 2014 until May 20, 2018, which is within the three years prior to filing this Complaint ("Applicable Statutory Period"). At all times during his employment with Defendants, Plaintiff was under the full protection of the FLSA.

4. Defendant Kal, Inc. is an Alabama corporation with its principal place of business in Shelby County, Alabama. At all times during the Applicable Statutory Period, Kal, Inc. was an employer within the meaning of 29 U.S.C. § 203(d) and was not exempt under the FLSA.

5. Defendant The Purple Onion, Inc. is an Alabama corporation with its principal place of business in Jefferson County, Alabama. At all times during the Applicable Statutory Period, The Purple Onion, Inc. was an employer within the meaning of 29 U.S.C. § 203(d) and was not exempt under the FLSA.

6. Defendant The Purple Onion and Bar and Grill, LLC is an Alabama

limited liability company with its principal place of business in Birmingham, Alabama. Its members are Khaled A. Khalidi and Adnan Abu Sharif, both of whom are resident citizens of Jefferson County, Alabama. At all times during the Applicable Statutory Period, The Purple Onion and Bar and Grill, LLC was an employer within the meaning of 29 U.S.C. § 203(d) and was not exempt under the FLSA.

7. Defendant The Purple Onion, LLC is an Alabama limited liability company with its principal place of business in Birmingham, Alabama. Its members are Khaled A. Khalidi and Adnan Abu Sharif, both of whom are resident citizens of Jefferson County, Alabama. At all times during the Applicable Statutory Period, The Purple Onion, LLC was an employer within the meaning of 29 U.S.C. § 203(d) and was not exempt under the FLSA.

8. During the Applicable Statutory Period, Kal, Inc. was an enterprise engaged in interstate commerce for the purposes of the FLSA with gross sales exceeding $500,000.00, exclusive of excise taxes at the retail which are separately stated, and at least two of its employees engaged in interstate commerce.

9. During the Applicable Statutory Period, The Purple Onion, Inc. was an enterprise engaged in interstate commerce for the purposes of the FLSA with gross sales exceeding $500,000.00, exclusive of excise taxes at the retail which are separately stated, and at least two of its employees engaged in interstate commerce.

10. During the Applicable Statutory Period, The Purple Onion and Bar & Grill, LLC was an enterprise engaged in interstate commerce for the purposes of the FLSA with gross sales exceeding $500,000.00, exclusive of excise taxes at the retail which are separately stated, and at least two of its employees engaged in interstate commerce.

11. During the Applicable Statutory Period, The Purple Onion, LLC was an enterprise engaged in interstate commerce for the purposes of the FLSA with gross sales exceeding $500,000.00, exclusive of excise taxes at the retail which are separately stated, and at least two of its employees engaged in interstate commerce.

12. During the Applicable Statutory Period, collectively the Purple Onion was an enterprise engaged in interstate commerce for the purposes of the FLSA with gross sales exceeding $500,000.00, exclusive of excise taxes at the retail which are separately stated, and at least two of its employees engaged in interstate commerce.

13. During the Applicable Statutory Period, each of the above business entity defendants was an employer of Plaintiff within the meaning of the FLSA, either as part of the same enterprise or alternatively, as joint employers.

14. During the Applicable Statutory Period, Purple Onion was commonly owned by Defendants Khaled A. Khalidi and Adnan Abu Sharif.

15. Khaled A. Khalidi is an individual over the age of nineteen (19) and a

resident citizen of Jefferson County, Alabama. During the Applicable Statutory Period, Khaled A. Khalidi was responsible for the day-to-day business operations of Purple Onion. Specifically, Khaled A. Khalidi was jointly responsible, along with Adnan Abu Sharif, for all aspects of Plaintiff's employment at the Pelham location including making financial and payroll decisions.

16.     Adnan Abu Sharif is an individual over the age of nineteen (19) and a resident citizen of Jefferson County, Alabama. During the Applicable Statutory Period, Adnan Abu Sharif was responsible for the day-to-day business operations of Purple Onion. Specifically, Adnan Abu Sharif was jointly responsible, along with Khaled A. Khalidi, for all aspects of Plaintiff's employment at the Pelham location including making financial and payroll decisions.

17.     During the Applicable Statutory Period, Defendants maintained control, oversight, and direction over the operation of their facilities, including the employment practices at these facilities, and were engaged in the employment of restaurant workers (line cooks, waitresses, hostesses, dishwashers, busboys, etc.), including Plaintiff, to perform work in the State of Alabama.

18.     The facilities wherein Defendants maintained control, oversite, and direction include a restaurant called The Purple Onion Deli & Grill in Pelham, Alabama, which is located in this District and was where Plaintiff worked for Defendants during the Applicable Statutory Period.

## ALLEGATIONS OF FACT

19.     Plaintiff brings Count 1 in this Complaint pursuant to 29 U.S.C. § 201, *et seq*. Plaintiff was employed by Defendants as a restaurant worker, specifically a line cook, at The Purple Onion Deli & Grill in Pelham, Alabama during the Applicable Statutory Period.

20.     The FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA's exemptions applied to Plaintiff during the Applicable Statutory Period. Accordingly, Defendants owed Plaintiff overtime pay in accordance with the FLSA for all hours Plaintiff worked in excess of 40 per week during the Applicable Statutory Period.

21.     During the Applicable Statutory Period, Plaintiff routinely worked in excess of forty (40) hours per week without receiving overtime compensation for any of the overtime hours he worked.

22.     Plaintiff worked approximately 46 hours per week from November 19, 2015 until April 1, 2016 at a rate of $11.00 per hour for every hour worked.

23.     Plaintiff worked approximately 52 hours per week from April 2, 2016 until October 27, 2017 at a rate of $11.00 per hour for every hour worked.

24.     Plaintiff worked approximately 46.5 hours per week from October 28, 2017 until May 20, 2018 at $11.00 per hour for every hour worked.

25.     Defendants were aware that Plaintiff was working unpaid overtime

hours.

26. Instead of paying Plaintiff the FLSA-required overtime rate of 1.5 times his straight time rate, Defendants only paid Plaintiff straight time rates for all hours worked.

27. Defendants paid Plaintiff in cash for all hours worked and kept no records of these payments. Defendants therefore failed to keep accurate time records for all hours worked by Plaintiff during the Applicable Statutory Period.

28. Defendants willfully failed to pay Plaintiff overtime pay in accordance with the FLSA. Defendants did not act in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA.

29. Defendants' unlawful conduct violated the provisions of the FLSA, 29 U.S.C. § 201, *et seq*., including, but not limited to, 29 U.S.C. § 207. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## COUNT 1
## FAIR LABOR STANDARDS ACT
**(overtime violations)**

30. Plaintiff re-alleges the above paragraphs by reference as if fully set forth herein.

31. The FLSA, 29 U.S.C. § 207, requires employers to pay employees 1.5 times the regular pay rate for all hours worked over 40 hours per workweek.

32. Defendants suffered and permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

33. Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

34. Defendants knew, or showed a collective disregard for, the fact that they failed to pay Plaintiff overtime compensation in violation of the FLSA.

35. As the direct and proximate result of Defendants' unlawful, willful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to liquidated damages, attorneys' fees, and reimbursement for costs incurred in connection with this claim.

36. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of FLSA, 29 U.S.C. § 201, *et seq*.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew, or showed reckless disregard for, the fact that their compensation practices were in violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A) That this Court determine and adjudicate that the practices of Defendants complained of herein were violations of the FLSA, 29 U.S.C. § 201 *et seq.*;

B) That this Court determine that the practices of Defendants complained of herein were willful violations of the FLSA, 29 U.S.C. § 201 *et seq.*;

C) For damages in the amount of Plaintiff's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in prosecuting this claim, and all other relief available under the FLSA;

D) That Plaintiff be granted leave to amend the Complaint to add state law claims if necessary; and

E) For all such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Brett W. Aaron
Brett W. Aaron (ASB-7508-t50h)
E. Nathan Harris (ASB-9811-d38h)
**HARRIS & ASSOCIATES LAW, LLC**
3021 Lorna Road, Suite 301
Hoover, AL 35216
Phone: (205) 940-2233
Fax: (205) 822-3522
baaron@birminghamattorney.com
nharris@birminghamattorney.com
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

Plaintiff, by and through his attorneys, hereby demands a trial by struck jury of the above entitled matter.

/s/ Brett W. Aaron
Brett W. Aaron (ASB-7508-t50h)
E. Nathan Harris (ASB-9811-d38h)
**HARRIS & ASSOCIATES LAW, LLC**
3021 Lorna Road, Suite 301
Hoover, AL 35216
Phone: (205) 940-2233
Fax: (205) 822-3522
baaron@birminghamattorney.com
nharris@birminghamattorney.com
**ATTORNEYS FOR PLAINTIFF**

**Please serve Defendants via certified mail at the following addresses**:

Kal, Inc.
c/o Khaled A. Khalidi
2296 Pelham Parkway
Pelham, AL 35124

The Purple Onion, Inc.
c/o Adnan Abu Sharif
2077 Arbor Hill Parkway
Birmingham, AL 35244

The Purple Onion and Deli and Grill, LLC
c/o Khaled A. Khalidi
595 Bristol Lane
Birmingham, AL 36226

The Purple Onion, LLC
c/o Khaled A. Khalidi
595 Bristol Lane
Birmingham, AL 35226

Khaled A. Khalidi
595 Bristol Lane
Birmingham, AL 35226

Adnan Abu Sharif
2077 Arbor Hill Parkway
Birmingham, AL 35244