# Exhibit A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between KAL Inc. ("KAL" or "Defendant") and Alejandro Medina Sevilla ("Sevilla" or "Plaintiff"). Plaintiff and Defendant are collectively referred to as "Parties."

**WHEREAS**, Sevilla was employed by KAL as a dishwasher at its store in Pelham, Alabama where it does business as The Purple Onion restaurant; and

**WHEREAS**, the Plaintiff ended his employment with KAL in 2018; and

**WHEREAS**, the Plaintiff filed a lawsuit referred to below against the Defendant and others, which said other parties have been dismiss upon stipulated joint motion with prejudice, leaving KAL as the only remaining defendant; and

**WHEREAS**, the Parties hereto desire that this Settlement Agreement and General Release constitute the full and final resolution of all issues and differences that may have arisen or may hereafter arise by virtue of the employment relationship between Sevilla and KAL, thereby avoiding the inconvenience, expense, uncertainty, and risk involved in further litigation.

**NOW THEREFORE**, in consideration of the promises and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the parties, the parties hereto do hereby agree as follows:

1. Plaintiff filed a lawsuit against the Defendants in the United States District Court for the Northern District of Alabama captioned *Alejandro Medina Sevilla v. KAL, Inc., et al.*, Civil Action 18-CV-01910-MHH, seeking damages for unpaid overtime wages under the Fair Labor Standards Act (the "Action").

2. KAL agrees to pay to Plaintiff a gross settlement sum of Thirteen Thousand Seven Hundred Twenty and 88/100 Dollars ($13,720.88) (the "Settlement Amount"), which includes attorneys' fees. Throughout the negotiations, through their lawyers, the Parties negotiated the employees' wages separate and apart from the attorneys' fees. The Parties have agreed that the negotiated settlement shall be allocated in the following amounts:

| | |
|---|---|
| Unpaid Overtime Wages to Sevilla | $ 3,660.44 |
| Liquidated Damages to Sevilla | $ 3,660.44 |
| | Total: $ 7,320.88 |
| Attorneys' Fees and Costs To Harris & Associates | $ 6,400.00 |

3. The Parties stipulated to the amounts and believe it is a reasonable compromise due to uncertainties regarding the Plaintiffs' recovery under the FLSA and uncertainties

regarding the Defendant's defenses. Furthermore, the Parties agree that settlement amount is reasonable based on a disputed hourly wage rate and amount of hours worked. The allegations and damages claimed by the Plaintiff in his complaint, if proven, could result in a potential total recovery in this matter (absent an attorney's fee award) ranging from approximately $2,400.00 to $14,000.00 depending on certain factors, including whether any alleged conduct on the part of the Defendant was found to be willful. However, the parties have agreed that the amount being paid to the Plaintiff, given the actual time records maintained by the defendant, some of which are also disputed, is likely the maximum amount Plaintiff could recover at trial and allows the parties to avoid the time, costs and expenses of further litigation.

4. The parties have separately agreed to an attorneys' fee to be paid to Plaintiff's counsel in the amount of $6,400.00.

5. In FLSA actions, the Court relies on the lodestar method for determining the reasonableness of the fees sought. *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 Fed. App'x 684 (11th Cir. 2011); *Perez v. Carey Int'l, Inc.*, 373 Fed. App'x 907 (11th Cir. 2010). Under the lodestar method, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate for similar legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1147, 1150 (11th Cir. 1993). "Adjustments to that fee then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Even when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation. While the "lodestar" method effectively replaced the balancing test in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), the twelve (12) *Johnson* factors "might still be considered in terms of their influence on the lodestar amount." *Norman v. Hous. Auth. of the City of Montg.*, 836 F.2d 1292 (11th Cir. 1988). The factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

6. Plaintiffs bear the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed, which is the prevailing market rate in the relevant legal community (i.e., Birmingham, Alabama) for similar services by lawyers of reasonably comparable skills, experience, and reputation. *O'Neal v. Eagle Marine Constr., LLC*, Civ. Action No. 16-00401-KD-B, 2017 WL 6759423, *8 (S.D. Ala. Aug. 2, 2017). Here, the parties stipulated that **$6,400.00** should be paid to Harris & Associates for attorneys' fees and costs. Plaintiff's counsel seeks a total award of $6,400.00, comprised of $400.00 in costs and $6,000.00 in attorneys' fees incurred by attorneys Brett Aaron. The amount of attorneys' fees and costs set forth in the Settlement Agreement, $6,400.00, is less than the total amount of attorneys' fees actually billed as of February 1, 2021, $6,415.00, and does not factor in any additional hours that Plaintiff's attorneys expect necessary to close the case.

7. Harris & Associates asserts that the firm incurred necessary and reasonable attorneys' fees for work performed from March 5, 2018 up to February 1, 2021 as follows: 25 hours of combined attorney work hours at the rate of $250/hour for Brett Aaron's work and of $350/hour for Nathan Harris's work.

8. This case was resolved at early stage of proceedings and presented relatively straightforward questions of law under the FLSA. The FLSA provides for the allowance of a reasonable attorney's fee, and the fee of $6,400.00 was separately negotiated and did not impact the amount received by the Plaintiff.

9. The Parties agree that in accordance with state and federal law, a portion of the Settlement Amount allocated to unpaid wages will be subject to payroll taxes and withholdings.

10. The Parties agree that Defendant may pay to the total settlement amount in six (6) monthly installment payments of $2,286.82 beginning on March 10, 2021 with the sixth and final payment due on August 10, 2021. All payments are to be delivered as follows:

>   Harris & Associates
>   3021 Lorna Road; Suite 301
>   Birmingham, AL 35216

11. If full payment is not complete by August 10, 2021, Plaintiff may petition the court for interest and additional attorney fees.

12. The Parties agree that the Court will maintain jurisdiction of this matter for purposes of enforcing this Agreement. Should any proceeding be instituted by Plaintiffs with respect to matters here settled, released or waived pursuant to this Agreement, other than an action or proceeding to enforce the terms of this Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claims and sufficient basis for immediate dismissal.

13. This Release shall not be construed in any way as an admission of any liability or wrongful conduct by the Defendant or any of its agents, servants, employees, or representatives, but rather is a compromise of a doubtful and disputed claim and is intended only to terminate further controversy respecting all claims which the Plaintiffs have asserted or might assert based on local, state, or federal law. The Parties agree that this Release may not be used as evidence in any subsequent proceeding of any kind except one in which any of the Parties alleges a breach of this Release or one in which any of the Parties elects to use this Release as a defense to any claim.

14. The Parties agree that the payment of the Settlement Amount and the performance of the obligations of this Release will constitute full and final resolution of any and all claims or causes of action that may have arisen or which may hereafter arise by virtue of the Plaintiff's employment with the Defendant and the termination (voluntary or involuntary) of said employment. This Release supersedes all other previous agreements between the parties.

15. Plaintiff expressly agrees that the consideration offered by the Defendant is sufficient to support the waiver and release of rights and obligations set out herein.

16. The Parties represent and agree that they have discussed all aspects of this Release with their respective attorneys in English and in Spanish if necessary and that they have carefully read and fully understand all of the provisions of this Release, and that it is entered into voluntarily.

17. The Parties acknowledge that they have not relied on any promises, covenants, or representations not included in this Release. This Release is an integrated writing, containing all terms, provisions, and conditions of the agreement of the parties. The terms of this Release represent the full and final resolution of any and all issues regarding the employment and termination of employment of Plaintiffs. This Release may not be abrogated, modified, or altered in any manner without a written agreement to do so signed and dated by all Parties.

18. The provisions of this Release are severable, and if any are found in whole or in part to be unenforceable, the other provisions shall remain in effect and be fully enforceable.

19. The terms of this Release shall be governed by and construed under the laws of the State of Alabama.

20. This Release may be executed in multiple counterparts, each of which shall be deemed an original and all of which shall constitute one agreement by each of the Parties on the dates respectively indicated. Signatures transmitted by facsimile or electronic mail shall be treated as and deemed to be original signatures for all purposes and will have the same binding effect as if they were original, signed instruments delivered in person.

21. The Parties acknowledge that they have read this Release and understand it. Subject to the approval of the Court, Plaintiff accepts the payment described above as a final and complete settlement of all claims and causes of action that he has against the Defendant and, except as to enforcement of this settlement agreement, does hereby release and forever discharge the Defendant and any and all of Defendant's predecessors, successors, heirs, executors, administrators, corporate affiliates, agents, servants, contractors, attorneys and assigns, together with all other related persons or firms, OF AND FROM any and all statutory, common law, equitable or other such claims, demands, obligations, damages, actions, causes of action, suits, rights, liens, encumbrances, rights of refusal, costs, expenses, compensation, set offs or entitlements whatsoever arising from or in way related to the following: (i) Any and all claims which were asserted in the Action, and (ii) Any and all claims regardless of whether asserted, which are in any way related to the claims asserted in the Action. By his signature below, Plaintiff expressly represents that he has read the foregoing document, that he understands the contents thereof, and that he knowingly and voluntarily executes the same as his own free and voluntary act.

*[Signature Pages to Follow]*

**PLAINTIFF:**

Dated: 2/9/2021

_____
Alejandro Medina Sevilla

STATE OF Alabama
COUNTY OF Jefferson

I, the undersigned, a Notary Public in and for said State and County, hereby certify that **Alejandro Medina Sevilla**, whose name is signed to the foregoing Settlement Agreement and General Release, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and official notarial seal this 4th day of Feb., 2021.

Notary Public, State of Alabama
My Commission Expires: 5/17/21

5                                  Initials AMS

**DEFENDANT:**

KAL, Inc.

Dated: 2/8/21

By: Khaled A. Khalidi
Its: President

STATE OF ALABAMA
COUNTY OF SHELBY

I, the undersigned, a Notary Public in and for said State and County, hereby certify that Khaled A. Khalidi, whose name as President of **KAL, Inc.**, an Alabama corporation, is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, s/he, as such Officer and with full authority, executed the same voluntarily for and as the act of said corporation on the day the same bears date.

Given under my hand and official notarial seal this 8th day of February, 2021.

Notary Public, State of Alabama
My Commission Expires: 3/20/23

6                                                                                   Initials